IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JESSE RAY THAXTON                    )
                                     )
        v.                           )        NO. 3:14-1265
                                     )
MEDICARE APPEALS COUNCIL             )


TO:    Honorable Judge Todd J. Campbell, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 6, 2014 (Docket Entry No. 2), the Court referred this action to the

Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636,

for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and

recommendation on any dispositive motions.

Plaintiff, who paid the filing fee but proceeds pro se, filed this action on June 5, 2014, naming

the Medicare Appeals Council ("MAC") as the only defendant in the style of the case but listing the

Department of Health and Human Services as the defendant in the body of his complaint.  The

allegations set out in the complaint are sparse and, although Plaintiff has not filed copies of any

decisions made at the administrative level, the Court assumes that Plaintiff is seeking judicial review

of a decision of the MAC.

By Order entered July 2, 2014 (Docket Entry No. 5), Plaintiff was advised that he is

responsible for serving the Defendant with the summons and complaint, in compliance with Rule 4

of the Federal Rules of Civil Procedure, and that he must serve the Defendant with the summons and

complaint within 120 days of the filing of the complaint in accordance with Rule 4(m) or this action

would be subject to dismissal, unless this time is extended by the Court upon a showing of good cause. On September 23, 2014, Plaintiff filed an amended complaint (Docket Entry No. 8), which indicated that an administrative decision regarding benefits had been rendered on October 23, 2013, but Plaintiff failed to show that the Defendant had been served with process.

Accordingly, by Order entered January 28, 2015 (Docket Entry No. 9), the Court advised Plaintiff that, because no defendant had been served in the action within 120 days of the filing of the action, the action was subject to dismissal without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. However, because of Plaintiff's pro se status and because of the lack of clarity in his pleadings as noted herein, the Court nonetheless advised Plaintiff that the proper defendant for a case seeking judicial review of a decision of the MAC is the Secretary of the Department of Health and Human Services, in his or her official capacity, see 42 C.F.R. § 405.1136(d)(1), and provided Plaintiff with an additional sixty (60) days from the January 28, 2015, Order to amend his complaint to name the correct defendant and to serve the correctly named defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. See 42 C.F.R. § 405.1136(d)(2).[1] Plaintiff was advised that the Court would recommend dismissal of the action if Plaintiff failed to comply with the Order.

On March 23, 2015, Plaintiff filed a response to the January 28, 2015, Order. See Docket Entry No. 12. Plaintiff states that he is a retired farmer of 75 years of age and, despite obtaining the advice of a recently retired "judge-attorney," Plaintiff is not sure what is required by the Order. Despite the Court's plain and simple instructions that Plaintiff needed, 1) to amend his complaint to name the Secretary of the Department of Health and Human Services, in his or her official capacity,

---

[1] The Court notes that the Notice of Decision from the Medicare Appeals Council normally includes very specific instructions explaining how to pursue judicial review of a decision of the Medicare Appeals Council.

as the correct defendant, and 2) to serve the correctly named defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, see 42 C.F.R. § 405.1136(d)(2), Plaintiff's recent response does not indicate that he has complied with either directive.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendant be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice. The Court has informed Plaintiff on two occasions of the requirement that the Defendant be served with process. Additionally, in the January 28, 2015, Order, the Court, taking into account Plaintiff's pro se status, further informed Plaintiff of what appeared to be a deficiency in his Complaint, gave him specific instructions about how to correct the deficiency and how to serve the Defendant, and extended the time within which to serve the Defendant to effectively provide approximately an extra 177 days in addition to the statutorily provided 120 day period of Rule 4(m).

Nonetheless, Plaintiff has not complied with the directives of the Court as set out in the January 28, 2015, Order, and has not shown that he has attempted to serve the Defendant, let alone shown that the Defendant has actually been served with process. The Court is sympathetic with Plaintiff's pro se status, but the Court cannot act as an advocate for him or take other steps to assist him in the prosecution of his lawsuit. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See also Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000). In light of the lack of service upon the Defendant and the fact that the Court has already exercised its discretion under Rule 4(m) by providing Plaintiff with more than double the time allowed by Rule 4(m) to serve the Defendant and by pointing out the manner in which he should serve the Defendant, dismissal of the action is warranted. See Frame v. Superior Fireplace, 74 Fed.App'x 601, 603 (6th Cir. 2003) (district court did not abuse its discretion in dismissing complaint of pro se plaintiff who failed to properly serve the

defendant despite being given additional time in which to properly effect service of process and instructions as to alternative methods of effecting service of process);  Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd., 229 F.3d 1153 (6th Cir. 2000) (district court did not abuse its discretion in dismissing complaint of pro se plaintiff who, after being advised that her attempt to serve process was not effective, failed to either effect service on the defendant or show good cause for the failure to effect service of process).  However, such dismissal should be without prejudice.[2]

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4 (m), and the fourteen day period for filing objections provides Plaintiff with the opportunity to show why the action should not be dismissed.

4